Amy M. Samberg (#013874)
Ian M. Fischer (#026239)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
asamberg@swlaw.com
ifischer@swlaw.com
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Attorneys for St. Paul Guardian Insurance
Company and The Travelers Indemnity Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| St. Paul Guardian Insurance Company and The Travelers Indemnity Company,<br><br>                                Plaintiffs,<br><br>        vs.<br><br>Town of Colorado City, Arizona; United States of America; City of Hildale, Utah; Twin City Power; and Twin City Water Authority, Inc.,<br><br>                                Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs St. Paul Guardian Insurance Company ("St. Paul") and The Travelers Indemnity Company ("Travelers Indemnity"), for their Complaint against Defendants Town of Colorado City, Arizona ("Colorado City"), the United States of America, City of Hildale, Utah ("Hildale"), Twin City Power, and Twin City Water Authority, Inc. ("TCWA"), alleges as follows:

### PARTIES

1.      St. Paul is a Connecticut corporation, with its principal place of business in Connecticut, and is licensed to conduct insurance business in the State of Arizona.

2.      Travelers Indemnity is a Connecticut corporation, with is principal place of business in Connecticut, and is licensed to conduct insurance business in the State of Arizona.

3.      Colorado City is a municipality organized under the laws of the State of

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

Arizona.

4.      The United States of America is joined as a defendant in this action because it may claim an interest in the subject of this action.

5.      Hildale is a local unit of government organized under the laws of the State of Utah and is joined as a defendant in this action because it may claim an interest in the subject of this action.

6.      Twin City Power is or was an intergovernmental entity of Colorado City and Hildale and is joined as a defendant in this action because it may claim an interest in the subject of this action.

7.      TCWA is a non-profit corporation organized under the laws of the State of Utah and is joined as a defendant in this action because it may claim an interest in the subject of this action.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000.00).

9.      This action is brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

11.     St. Paul issued insurance Policy No. GP09314499 with effective dates of February 11, 2009 to February 11, 2010 ("2009/2010 Policy") and insurance Policy No. GP09314499 with effective dates of February 11, 2010 to February 19, 2011 ("2010/2011 Policy") to Colorado City.  A certified copy of the 2009/2010 Policy is attached hereto as **Exhibit 1** and a certified copy of the 2010/2011 Policy is attached hereto as **Exhibit 2**. The 2009/2010 Policy and 2010/2011 Policy are incorporated herein by this reference.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

12.     Travelers Indemnity issued insurance Policy No. ZPP-15N25781-13-PC with effective dates of February 19, 2013 to February 19, 2014 ("2013/2014 Policy") to Colorado City. A certified copy of the 2013/2014 Policy is attached hereto as **Exhibit 3** and incorporated herein by this reference.

13.     On June 21, 2012, the United States of America filed a Complaint in the United States District Court for the District of Arizona, Case No. 3:12-CV-08123-HRH, against Colorado City; Hildale; Twin City Power; and TWCA (the "USA Action"). A copy of the Complaint filed by the United States in the USA Action is attached hereto as **Exhibit 4** and incorporated by this reference.

14.     In the USA Action, the United States alleges that for at least 20 years, and in violation of the Establishment Clause of the First Amendment of the United States Constitution, Colorado City and Hildale have operated as an arm of the Fundamentalist Church of Latter Day Saints ("FLDS") and have been deployed to carry out the will and dictates of FLDS leaders and have abdicated their official duties to protect the rights of all citizens equally and to administer governmental functions consistently with the Establishment Clause. The United States further alleges that Colorado City has allowed the FLDS Church or its agents to direct or unlawfully influence its actions regarding policing services and housing.

15.     The USA Action alleges three causes of action against Colorado City, but, on November 29, 2012, Colorado City's motion to dismiss the Third Cause of Action of the USA Action was granted. The remaining causes of action allege unconstitutional policing and housing discrimination.

16.     The First cause of Action of the USA Action alleges illegal policing in violation of 42 U.S.C. § 14141; including failure to provide policing services to non-FLDS members, including the alleged failure to investigate crimes; selective enforcement of the laws; and failure to protect non-FLDS members from victimization by the Colorado City Marshal's Office.

17.     The First Cause of Action of the USA Action seeks only injunctive and

declaratory relief pursuant to 42 U.S.C. § 14141.

18.   The Second Cause of Action of the USA Action alleges that Colorado City:

    a.   Refused to negotiate for the sale of housing, denied housing, or otherwise made housing unavailable because of religion in violation of 42 U.S.C. § 3604(a);

    b.   Discriminated in the terms, conditions, or privilege of a rental of a dwelling because of religion in violation of 42 U.S.C. § 3604(b); and

    c.   Coerced, intimidated, threatened, or interfered with a person in the exercises or enjoyment of, or on account of his having exercised or enjoyed or on account of his having aided or encouraged any other person in the exercise or enjoyment of, a right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

The Second Cause of Action of the USA Action also alleges that Colorado City's conduct constitutes a pattern or practice of denial of rights to a group of persons in violation of 42 U.S.C. 3614(a).

19.   The Second Cause of Action of the USA Action seeks declaratory judgment, injunctive relief, civil penalties, compensatory and punitive damages for all persons harmed.

## THE 2009/2010 POLICY AND THE 2010/2011 POLICY

20.   As relates to the coverage parts potentially implicated by the USA Action, the 2009/2010 Policy and 2010/2011 Policy contain essentially identical terms, conditions, limitations, exclusions, and policy limits, except that the 2009/2010 Policy provides Public Sector Services Umbrella Excess Liability Protection and Excess Errors and Omissions Liability Protection, which are not provided by the 2010/2011 Policy.

21.   Coverage parts of the 2009/2010 Policy and 2010/2011 Policy which are potentially applicable to the claims made in the USA Action include:

    a.   Public Entity General Liability Protection ("PEGL"), which affords coverage on an occurrence basis, with policy limits of $2,000,000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

each event and a $2,000,000 aggregate limit, and includes a failure to supply sub-limit in the amount of $100,000;

b. Law Enforcement Liability Protection ("LEL"), which affords coverage on an occurrence basis with policy limits of $1,000,000 each wrongful act and $2,000,000 in the aggregate and is subject to a $2,500 each wrongful act deductible;

c. Public Entity Management Liability Protection ("PEML"), which affords coverage on a claims-made basis with a policy limit of $1,000,000 each wrongful act and a $2,000,000 aggregate limit, subject to a $3,500 each wrongful act deductible. The PEML provides a retroactive date of 02/11/1999 and the 2010/2011 Policy provides for an extended reporting period of one year, through February 19, 2012;

d. Public Sector Services Umbrella Excess Liability Protection ("UEL") for the 2009/2010 Policy only, which has a policy excess limit of $5,000,000 each event and $5,000,000 in the aggregate for the PEGL and LEL coverage parts only. The UEL coverage part has a $10,000 deductible that applies to each event or offense not covered by the Basic Insurance; and

e. Excess Errors and Omissions Liability Protection ("EE&O") for the 2009/2010 Policy only, which has a policy limit of $1,000,000 each wrongful act in excess of the Public Entity Management Liability Protection coverage part and a total limit of $5,000,000.

22.   The remaining coverage parts of the 2009/2010 Policy and 2010/2011 Policy—which include: Property Protection, Equipment Breakdown, Public Sector Services Property Protection Additional Benefits, Accounts Receivable, Contractor's Equipment Protection, Computer Property Protection, Employee Benefit Plans Administration Liability Protection, Public Entity Employment Practices Liability

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

Protection, Auto Liability Protection, Uninsured and Underinsured Motorists Protection, Auto Physical Damage Protection, and Government Crime Protection, Protection for Miscellaneous Property—are not potentially implicated by the allegations contained in the USA Action.

**THE 2013/2014 POLICY**

23.     The 2013/2014 Policy affords commercial general liability coverage only, on an occurrence basis with a policy limit of $1,000,000 for each occurrence/$2,000,000 aggregate limit (other than products-completed operations) and Failure to Supply Limited Coverage Limit of $100,000 each occurrence, with no deductible.

*A.     The PEGL Coverage Part of the 2009/2010 Policy and 2010/2011 Policy*

24.     The PEGL coverage part covers "bodily injury" and "property damage liability", "personal injury liability", "advertising injury liability", and certain medical expenses that are incurred for "bodily injury," as those terms are defined by the PEGL coverage part.   (*See* Ex. 1, TRAV-COLORADO CITY 101-104; Ex. 2, TRAV-COLORADO CITY 436-439).

25.     The PEGL coverage part covers amounts for "bodily injury" or "property damage" that "any protected person is legally required to pay as damages" that happened while the agreement was in effect and was caused by an "event."   (*See* Ex. 1, TRAV-COLORADO CITY 101; Ex. 2, TRAV-COLORADO CITY 436).

26.     The PEGL coverage part defines "bodily injury" as "any physical harm, including sickness or disease, to the physical health of other persons."  (*See* Ex. 1, TRAV-COLORADO CITY 101; Ex. 2, TRAV-COLORADO CITY 436).

27.     The PEGL coverage part defines "property damage" as "physical damage to tangible property of others, including all resulting loss of use of that property; or loss of use of tangible property of others that isn't physically damaged."  (*See* Ex. 1, TRAV-COLORADO CITY 101; Ex. 2, TRAV-COLORADO CITY 436).

28.     The PEGL coverage part defines event as follows: "*Event* means an accident, including continuous or repeated exposure to substantially the same general

harmful conditions."   (*See* Ex. 1, TRAV-COLORADO CITY 102; Ex. 2, TRAV-COLORADO CITY 437).

29.   The PEGL coverage part defines "personal injury" damage as an amount "any protected person is legally required to pay as damages" that "results from your operations" and "is caused by a personal injury offense committed while this agreement is in effect" and "advertising injury" damage is damage that "results from the advertising of your facilities, operations, or services, or your products, your work, or your completed work" and is caused by an "advertising injury offense."  (*See* Ex. 1, TRAV-COLORADO CITY 102; Ex. 2, TRAV-COLORADO CITY 437-438).

30.   The only relief sought in the First Cause of Action of the USA Action for illegal policing activities is injunctive and declaratory pursuant to 42 U.S.C. § 14141.

31.   There is no coverage afforded for the First Cause of Action of the USA Action under the PEGL coverage part because it does not seek monetary damages.

32.   There is no coverage afforded for the Second Cause of Action of the USA Action under the PEGL coverage part to the extent it seeks non-monetary relief.

33.   There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the PEGL coverage part because it does not allege an "event" as defined in the PEGL coverage part.

34.   There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the PEGL coverage part for "bodily injury" or "property damage" that was a continuation, change, or resumption of such previously known "bodily injury" or "property damage" occurring before the inception of the 2009/2010 Policy or the 2010/2011 Policy.  (*See* Ex. 1, TRAV-COLORADO CITY 101; Ex. 2, TRAV-COLORADO CITY 436).

35.   There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the PEGL coverage part because it does not allege "personal injury" damage or a "personal injury offense" committed while the PEGL was in effect as those terms are defined in the PEGL coverage part.

36.     There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the PEGL coverage part because it does not allege "advertising injury" damage or an "advertising injury offense" as those terms are defined in the PEGL coverage part.

37.     The PEGL coverage part contains a "Law Enforcement Activities or Operations" exclusion, which provides:

> **Law enforcement activities or operations.**  We won't cover injury or damage or medical expenses that result from law enforcement activities or operations.
>
> *Law enforcement activities or operations* means any of the official activities or operations of your police department, sheriff agency, or other public safety organization which enforces the law and protects persons or property.

(*See* Ex. 1, TRAV-COLORADO CITY 119; Ex. 2, TRAV-COLORADO CITY 454).

38.     The First Cause of Action is based entirely on the alleged illegal law enforcement conduct on the part of Colorado City's Marshal's Office and coverage is therefore excluded under the PEGL coverage part by the Law Enforcement Activities or Operations exclusion.

39.     To the extent the Second Cause of Action is based on alleged illegal law enforcement conduct on the part of Colorado City's Marshal's Office, coverage is excluded under the PEGL coverage part by the Law Enforcement Activities or Operations exclusion.

40.     The First Cause of Action and the Second Cause of Action of the USA Action are excluded from coverage under the PEGL coverage part by the "Deliberately Breaking the Law" exclusion.  (*See* Ex. 1, TRAV-COLORADO CITY 116; Ex. 2, TRAV-COLORADO CITY 451).

41.     The First Cause of Action and the Second Cause of Action of the USA Action are excluded from coverage under the PEGL coverage part by the "Expected or Intended Bodily Injury or Property Damage" exclusion.  (*See* Ex. 1, TRAV-COLORADO CITY 117; Ex. 2, TRAV-COLORADO CITY 452).

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

42.     Coverage is excluded for the First Cause of Action and the Second Cause of Action of the USA Action under the PEGL coverage part by the Public Sector Services Excluded Operations and Premises Endorsement.  (*See* Ex. 1, TRAV-COLORADO CITY 132; Ex. 2, TRAV-COLORADO CITY 466).

43.     Coverage for the First Cause of Action and the Second Cause of Action of the USA Action may be excluded by other terms, conditions, definitions, limitations, or exclusions of the PEGL coverage part of the 2009/2010 Policy and/or the 2010/2011 Policy.

**B.      *The LEL Coverage Part of the 2009/2010 Policy and 2010/2011 Policy***

44.     The LEL coverage part generally affords coverage on an occurrence basis for an amount a "protected person" is "legally required to pay as damages for covered injury or damage" that:

- results from law enforcement activities or operations by or for you;

- happens while this agreement is in effect; and

- is caused by a wrongful act that is committed while conducting law enforcement activities or operations.

(*See* Ex. 1, TRAV-COLORADO CITY 164; Ex. 2, TRAV-COLORADO CITY 500).

45.     "Protected person" in the LEL coverage part includes in relevant part:

  a.  Colorado City;

  b.  Colorado City's "lawfully elected or appointed officials . . . only for the conduct of their duties as . . . elected or appointed officials";

  c.   Colorado City's "employees . . . only for . . . work done within the scope of their employment [by Colorado City]; or their performance of duties related to the conduct of [Colorado City's] operations."

(*See* Ex. 1, TRAV-COLORADO CITY 164, 167; Ex. 2, TRAV-COLORADO CITY 500, 503).

46.     The LEL coverage part only affords coverage for "law enforcement

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

activities and operations," which is defined, in relevant part, to mean:

> *Law enforcement activities or operations* means any of the official activities or operations of your police department, sheriff agency, or other public safety organization which enforces the law and protects persons or property.

(*See* Ex. 1, TRAV-COLORADO CITY 165; Ex. 2, TRAV-COLORADO CITY 501).

47.     The only relief sought in the First Cause of Action of the USA Action for illegal policing activities is injunctive and declaratory pursuant to 42 U.S.C. § 14141.

48.     No coverage is afforded for the First Cause of Action of the USA Action under the LEL coverage part because it does not seek monetary damages.

49.     No coverage is afforded for the First Cause of Action of the USA Action under the LEL coverage part because no facts are alleged that fall within the definition of "law enforcement activities or operations" in the LEL coverage part that caused damage that happened while the 2009/2010 Policy or the 2010/2011 Policy was in effect.

50.     No coverage is afforded under the LEL coverage part for the Second Cause of Action of the USA Action because no facts are alleged  that fall within the definition of "law enforcement activities or operations" in the LEL coverage part.

51.     Coverage is excluded, in whole or in part, under the LEL coverage part for the First Cause of Action and the Second Cause of Action of the USA Action by the following exclusion included in the LEL coverage part:

> **Declaratory, injunctive, or other non-monetary relief.**  We won't cover:
>
> - any cost, expense, or fee; or
>
> - any amount required to comply with a court or administrative order, judgment, ruling, or decree;
>
> that results from any action or demand, or any part of any claim, which seeks declaratory, injunctive, or other non-monetary relief.

(*See* Ex. 1, TRAV-COLORADO CITY 170; Ex. 2, TRAV-COLORADO CITY 506).

52.     No coverage is afforded for the First Cause of Action or the Second Cause

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

of Action of the USA Action under the LEL coverage part because the Marshal's Office was not acting as a "protected person" at the time the conduct alleged in the USA Action occurred.

53.   The First Cause of Action and the Second Cause of Action of the USA Action are excluded from coverage under the LEL coverage part by the "Criminal, Dishonest, Fraudulent, or Malicious Acts" exclusion.  (*See* Ex. 1, TRAV-COLORADO CITY 169–170; Ex. 2, TRAV-COLORADO CITY 505–506).

54.   Coverage for the First Cause of Action and the Second Cause of Action of the USA Action may be excluded by other terms, conditions, definitions, limitations, or exclusions of the LEL coverage part of the 2009/2010 Policy and/or the 2010/2011 Policy.

## C.   *The PEML Coverage Part of the 2009/2010 Policy and 2010/2011 Policy*

55.   The PEML coverage part provides coverage on a claims made basis as follows:

> **When a claim or suit must be first made or brought against a protected person.**  We'll apply this agreement to claims or suits for loss covered by this agreement only when they're first made or brought against a protected person:
>
> - while this agreement is in effect; or
>
> - during the limited reporting period or the extended reporting period, if either one applies.

(*See* Ex. 1, TRAV-COLORADO CITY 179; Ex. 2, TRAV-COLORADO CITY 515).

> **When we consider a claim or suit to be first made or brought against a protected person.**  We'll consider a claim or suit for covered loss to be first made or brought against a protected person on the earliest of the following dates:
>
> - The date that we or any protected person first receives written notice of such claim or suit.
>
> - The date that we first receive written notice from any protected person of a specific wrongful act that caused the loss which resulted in such claim or suit.
>
> We'll consider all claims or suits for covered loss that is caused by:

- the same wrongful act; or

- related wrongful acts;

to have been first made or brought against a protected person on the date that the first of those claims or suits was first made or brought against a protected person, regardless of whether such date is before or while this agreement is in effect.

(*See* Ex. 1, TRAV-COLORADO CITY 180; Ex. 2, TRAV-COLORADO CITY 516).

56.     If a claim is timely made, the PEML coverage part affords coverage for those amounts an insured is "legally required to pay as damages for covered loss" that would otherwise trigger coverage under the PEML coverage part.  (*See* Ex. 1, TRAV-COLORADO CITY 178; Ex. 2, TRAV-COLORADO CITY 514).

57.     There is no coverage for the First Cause of Action or the Second Cause of Action in the USA Action under the PEML coverage part because no claim was timely reported under the PEML coverage part.

58.     There is no coverage for the First Cause of Action or the Second Cause of Action in the USA Action under the PEML coverage part, in whole or in part, because it does not seek monetary damages.

59.     Coverage is excluded, in whole or in part, for the First Cause of Action and the Second Cause of Action of the USA Action under the PEML coverage part by application of the following exclusion contained in the PEML coverage part:

**Declaratory, injunctive, or other non-monetary relief costs.**
We won't cover:

- any cost, expense, or fee; or

- any amount required to comply with a court or administrative order, judgment, ruling or decree, or a federal, state, or local law;

that results from any action or demand, or any part of any claim or suit, which seeks declaratory, injunctive, or other non-monetary relief.

Such costs, expenses, fees, or amounts include the following:

- The costs of physical alterations or other changes made to accommodate or afford accessibility to any disabled person.

- The costs of developing, implementing, or enforcing any company policy, procedure, or program.

Declaratory, injunctive, or other non-monetary relief includes:

- a judgment which declares the rights and duties of any person or organization; or

- any type of injunction, restraining order, or any other non-monetary relief.

(*See* Ex. 1, TRAV-COLORADO CITY 184; Ex. 2, TRAV-COLORADO CITY 520).

60.    Coverage is excluded for the First Cause of Action of the USA Action under the PEML coverage part by application of the following exclusion contained in the PEML coverage part:

**Law enforcement activities or operations.**  We won't cover loss that results from law enforcement activities or operations.

Law enforcement activities or operations means any of the official activities or operations of your police department, sheriff agency, or other public safety organization which enforces the law and protects persons or property.

They include the following:

- Ownership, maintenance, or use of a premises that you own, rent, lease, or borrow in order to perform such activities or operations.

- Providing first aid at the time of an accident, crime, or medical emergency.

(*See* Ex. 1, TRAV-COLORADO CITY 186; Ex. 2, TRAV-COLORADO CITY 522).

61.    Coverage is excluded for the First Cause of Action and the Second Cause of Action of the USA Action under the PEML coverage part by application of the following exclusion contained in the PEML coverage part:

**Complaint or enforcement action.**  We won't cover loss that results from any complaint, enforcement action, claim, or suit brought by or for any federal, state, or local governmental

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

regulatory or enforcement agency against any protected person.

(*See* Ex. 1, TRAV-COLORADO CITY 183; Ex. 2, TRAV-COLORADO CITY 519).

62.    Coverage is excluded for the First Cause of Action and the Second Cause of Action of the USA Action under the PEML coverage part by the "Criminal, Malicious, Dishonest, or Fraudulent Acts or Omissions, or Knowing Violations of Rights or Laws" exclusion in the PEML coverage part.  (*See* Ex. 1, TRAV-COLORADO CITY 183; Ex. 2, TRAV-COLORADO CITY 519).

63.    Coverage is excluded for the First Cause of Action and the Second Cause of Action of the USA Action under the PEML Coverage part by the "Known Wrongful Acts" exclusion in the PEML coverage part.  (*See* Ex. 1, TRAV-COLORADO CITY 186; Ex. 2, TRAV-COLORADO CITY 522).

64.    Coverage for the First Cause of Action and the Second Cause of Action of the USA Action may be excluded by other terms, conditions, definitions, limitations, or exclusions of the PEML coverage part of the 2009/2010 Policy and/or the 2010/2011 Policy.

### D.    The UEL Coverage Part of the 2009/2010 Policy Only

65.    The UEL coverage part provides excess liability coverage pursuant to many of the same terms and conditions, and subject to many of the same exclusions as described above with reference to the PEGL coverage part of the 2009/2010 Policy, and for the reasons set forth above with respect to the PEGL coverage part, there is no coverage under the UEL coverage part.  (*See* Ex. 1, TRAV-COLORADO CITY 266–307).

66.    In addition, there is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the UEL coverage part because there has not been exhaustion of the underlying limits of liability of the PEGL coverage part.

67.    The UEL includes a Law Enforcement Liability Endorsement which affords coverage pursuant to many of the same terms and conditions, and subject to many of the

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

same exclusions as described above with reference to the LEL coverage part of the 2009/2010 Policy, and for the reasons set forth above with respect to the LEL coverage part, there is no coverage under the UEL coverage part. (*See* Ex. 1, TRAV-COLORADO CITY 303–305).

68.     In addition, there is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the UEL coverage part because there has not been exhaustion of the underlying limits of liability of the LEL coverage part.

69.     There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the UEL coverage part, in whole or in part, because it does not seek monetary damages.

70.     There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the UEL coverage part because it does not allege an "event" as defined in the UEL coverage part. (*See* Ex. 1, TRAV-COLORADO CITY 268).

71.     There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action for "bodily injury" or "property damage" that was a continuation, change, or resumption of such previously known "bodily injury" or "property damage" occurring before the inception of the 2009/2010 Policy. (*See* Ex. 1, TRAV-COLORADO CITY 267, 268).

72.     There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the UEL coverage part because it does not allege "personal injury" damage or a "personal injury offense" committed while the UEL was in effect as those terms are defined in the UEL coverage part. (*See* Ex. 1, TRAV-COLORADO CITY 268).

73.     There is no coverage afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the PEGL coverage part because it does not allege "advertising injury" damage or an "advertising injury offense" as those terms are

defined in the PEGL coverage part.  (*See* Ex. 1, TRAV-COLORADO CITY 269).

74.   The First Cause of Action and the Second Cause of Action of the USA Action are excluded from coverage under the UEL coverage part by the "Deliberately Breaking the Law" exclusion.  (*See* Ex. 1, TRAV-COLORADO CITY 279–280).

75.   The First Cause of Action and the Second Cause of Action of the USA Action are excluded from coverage under the UEL coverage part by the "Expected or Intended Bodily Injury or Property Damage."  (*See* Ex. 1, TRAV-COLORADO CITY 280).

76.   The First Cause of Action and the Second Cause of Action of the USA Action are excluded from coverage under the UEL coverage part by the "Criminal, Dishonest, Fraudulent, or Malicious Acts" exclusion.  (*See* Ex. 1, TRAV-COLORADO CITY 304).

77.   No coverage is afforded for the First Cause of Action or the Second Cause of Action of the USA Action under the UEL coverage part because the Marshal's Office was not acting as a "protected person" at the time the conduct occurred.

78.   Coverage is excluded for the First Cause of Action and the Second Cause of Action of the USA Action under the UEL coverage part by application of the following exclusion contained in the UEL coverage part:

> **Failure to supply service.**  We won't cover bodily injury or property damage that results from the failure of any protected person to adequately supply electricity, gas, oil, steam, or water service

(*See* Ex. 1, TRAV-COLORADO CITY 292).

79.   Coverage is excluded for the First Cause of Action and the Second Cause of Action of the USA Action under the UEL coverage part by the Public Sector Services Excluded Operations and Premises Endorsement – Umbrella Excess Liability.  (*See* Ex. 1, TRAV-COLORADO CITY 296).

80.   Coverage for the First Cause of Action and the Second Cause of Action of the USA Action may be excluded by other terms, conditions, definitions, limitations, or

- 16 -

1    exclusions of the UEL coverage part of the 2009/2010 Policy.

2         **E.    The EE&O Coverage Part of the 2009/2010 Policy Only**

3         81.    The EE&O coverage part provides excess liability coverage over the PEML

4    coverage part of the 2009/2010 Policy only and requires coverage be afforded under the

5    2009/2010 PEML coverage part as a prerequisite to coverage.   (*See* Ex. 1, TRAV-

6    COLORADO CITY 310–313).

7         82.    There is no coverage afforded for the First Cause of Action or the Second

8    Cause of Action of the USA Action under the EE&O coverage part because there has not

9    been exhaustion of the underlying limits of liability of the PEML coverage part.

10        83.    Because the PEML coverage part does not afford coverage for the First

11   Cause of Action or the Second Cause of Action of the USA Action, the EE&O coverage

12   part likewise does not provide coverage and the allegations above with respect to the

13   applicable policy terms and exclusions is incorporated herein by this reference.

14        84.    No coverage is afforded under the EE&O coverage part for the First Cause

15   of Action or the Second Cause of Action of the USA Action for the reasons stated in

16   paragraphs 55–64 above.

17        85.    Coverage for the First Cause of Action and the Second Cause of Action of

18   the USA Action may be excluded by other terms, conditions, definitions, limitations, or

19   exclusions of the EE&O coverage part of the 2009/2010 Policy.

20        **F.    The 2013/2014 Policy**

21        86.    The 2013/2014 Policy provides commercial general liability coverage only

22   for "bodily injury," "property damage liability" and "personal and advertising injury

23   liability." (*See* Ex. 3, TRAV-COLORADO CITY 637, 641).

24        87.    Coverage is provided if "bodily injury" or "property damage" is caused by

25   an "occurrence" during the 2013/2014 Policy or if "personal and advertising injury'

26   caused by an offense arising out of your business . . . if the offense was committed . . .

27   during the policy period." (*See* Ex. 3, TRAV-COLORADO CITY 637, 641).

28        88.    The 2013/2014 Policy defines "occurrence" to mean: "an accident,

1    including continuous or repeated exposure to substantially the same general harmful

2    conditions." (*See* Ex. 3, TRAV-COLORADO CITY 650).

3         89.    There is no coverage for the First Cause of Action or the Second Cause of

4    Action of the USA Action under the 2013/2014 Policy because there is no "occurrence."

5         90.    There is no coverage for the First Cause of Action or the Second Cause of

6    Action of the USA Action under the 2013/2014 Policy because there is no "occurrence"

7    during the policy period.

8         91.    There is no coverage for the First Cause of Action or the Second Cause of

9    Action of the USA Action under the 2013/2014 Policy because there is no "bodily injury,"

10   "property damage," "personal injury" or "advertising injury," as those terms are defined in

11   the 2013/2014 Policy, during the policy period.

12        92.    There is no coverage, in whole or in part, for the First Cause of Action or

13   the Second Cause of Action of the USA Action under the 2013/2014 Policy because it

14   does not seek monetary damages.

15        93.    There is no coverage for the First Cause of Action or the Second Cause of

16   Action of the USA Action for "bodily injury" or "property damage" that was a

17   continuation, change, or resumption of such previously known "bodily injury" or

18   "property damage" occurring before the inception of the 2013/2014 Policy.  (*See* Ex. 3,

19   TRAV-COLORADO CITY 637).

20        94.    The 2013/2014 Policy defines "law enforcement activities or operations," in

21   relevant part, to mean:

22                   Means any of the official activities or operations of your

23                   police department, sheriff agency or other public safety
                     organization, other than a fire district or department, that

24                   enforces the law and protects persons or property.

25   (*See* Ex. 3, TRAV-COLORADO CITY 676).

26        95.    There is no coverage for the First Cause of Action or the Second Cause of

27   Action of the USA Action under the 2013/2014 Policy based on application of the

28   "Exclusion - Law Enforcement Activities or Operations" Endorsement, which expressly

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

excludes coverage for "bodily injury", "property damage", "personal injuries" or "advertising injuries" arising out of "law enforcement activities or operations." (*See* Ex. 3, TRAV-COLORADO CITY 676).

96.     There is no coverage for the First Cause of Action or the Second Cause of Action of the USA Action under the 2013/2014 Policy based on the "Exclusion – Discrimination" Endorsement, which provides:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** – is amended by adding the following additional exclusion:
>
> (This insurance does not apply to:)
>
> "Bodily injury" resulting from or as a consequence of discrimination, whether intentional or unintentional, based upon a person's sex, sexual preference, marital status, race, creed, religion, national origin, age, physical capabilities, characteristics or condition, or mental capabilities or condition.
>
> **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY** – is amended by adding the following additional exclusion:
>
> (This insurance does not apply to:)
>
> "Personal injury" resulting from or as a consequence of discrimination, whether intentional or unintentional, based upon a person's sex, sexual preference, marital status, race, creed, religion, national origin, age, physical capabilities, characteristics or condition, or mental capabilities or condition.

(*See* Ex. 3, TRAV-COLORADO CITY 660).

97.     There is no coverage under the 2013/2014 Policy for the First Cause of Action or the Second Cause of Action of the USA Action based on application of the "Expected or Intended Injury" exclusion in the 2013/2014 Policy. (*See* Ex. 3, TRAV-COLORADO CITY 638).

98.     There is no coverage under the 2013/2014 Policy for the First Cause of Action or the Second Cause of Action of the USA Action based on application of the "Knowing Violation of Rights of Another" exclusion in the 2013/2014 Policy. (*See* Ex. 3, TRAV-COLORADO CITY 641).

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202

99.     Coverage for the First Cause of Action and the Second Cause of Action of the USA Action may be excluded by other terms, conditions, definitions, limitations, or exclusions of the 2013/2014 Policy.

## COUNT I

### (Declaratory Relief Under the 2009/2010 Policy)

100.    St. Paul incorporates by this reference each and every preceding allegation as if fully set forth herein.

101.    Colorado City contends that coverage and defense is afforded for the USA Action under the 2009/2010 Policy.

102.    St. Paul contends that, as described above, the 2009/2010 Policy does not provide coverage to Colorado City for the claims made in the USA Action and no duty to defend is triggered under the 2009/2010 Policy.

103.    An actual and justiciable controversy exists between St. Paul and Colorado City with respect to Colorado City's rights and St. Paul's obligations under the 2009/2010 Policy with respect to the USA Action.

104.    By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist pursuant to the 2009/2010 Policy.

105.    Accordingly, St. Paul seeks a declaratory judgment that there is no coverage afforded for or duty to defend Colorado City in the USA Action under the 2009/2010 Policy.

106.    This claim arises out of a contract within the meaning of A.R.S. section 12-341.01.  St. Paul is entitled to an award of its reasonable attorneys' fees incurred herein.

## COUNT II

### (Declaratory Relief Under the 2010/2011 Policy)

107.    St. Paul incorporates by this reference each and every preceding allegation as if fully set forth herein.

108.   Colorado City contends that coverage and defense is afforded for the USA Action under the 2010/2011 Policy.

109.   St. Paul contends that, as described above, the 2010/2011 Policy does not provide coverage to Colorado City for the claims made in the USA Action and no duty to defend is triggered under the 2010/2011 Policy.

110.   An actual and justiciable controversy exists between St. Paul and Colorado City with respect to Colorado City's rights and St. Paul's obligations under the 2010/2011 Policy with respect to the USA Action.

111.   By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist pursuant to the 2010/2011 Policy.

112.   Accordingly, St. Paul seeks a declaratory judgment that there is no coverage afforded for or duty to defend Colorado City in the USA Action under the 2010/2011 Policy.

113.   This claim arises out of a contract within the meaning of A.R.S. section 12-341.01.  St. Paul is entitled to an award of its reasonable attorneys' fees incurred herein.

## COUNT III

### (Declaratory Relief Under the 2013/2014 Policy)

114.   Travelers Indemnity incorporates by this reference each and every preceding allegation as if fully set forth herein.

115.   Colorado City contends that coverage and defense is afforded for the USA Action under the 2013/2014 Policy.

116.   Travelers Indemnity contends that, as described above, the 2013/2014 Policy does not provide coverage to Colorado City for the claims made in the USA Action and no duty to defend is triggered under the 2013/2014 Policy.

117.   An actual and justiciable controversy exists between Travelers Indemnity and Colorado City with respect to Colorado City's rights and Travelers Indemnity's obligations under the 2013/2014 Policy with respect to the USA Action.

118.    By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist pursuant to the 2013/2014 Policy.

119.    Accordingly, Travelers Indemnity seeks a declaratory judgment that there is no coverage afforded for or duty to defend Colorado City in the USA Action under the 2013/2014 Policy.

120.    This claim arises out of a contract within the meaning of A.R.S. section 12-341.01.   Travelers Indemnity is entitled to an award of its reasonable attorneys' fees incurred herein.

## PRAYER FOR RELIEF

WHEREFORE St. Paul and Travelers Indemnity pray that this Court adjudge, decree and declare as follows:

1.    That there is no coverage for Colorado City for the USA Action under the 2009/2010 Policy;

2.    That St. Paul has no duty to defend Colorado City for the USA Action under the 2009/2010 Policy;

3.    That there is no coverage for Colorado City for the USA Action under the 2010/2011 Policy;

4.    That St. Paul has no duty to defend Colorado City for the USA Action under the 2010/2011 Policy;

5.    That there is no coverage for Colorado City for the USA Action under the 2013/2014 Policy;

6.    That Travelers Indemnity has no duty to defend Colorado City for the USA Action under the 2013/2014 Policy;

7.    That St. Paul and Travelers Indemnity be awarded their attorneys' fees and costs incurred herein; and

8.    That St. Paul and Travelers Indemnity be awarded such other and further relief as the Court may deem just and proper.

1    DATED this 10th day of December, 2013.

2                                                SNELL & WILMER L.L.P.

3

4                                   By: s/ Ian M. Fischer
                                        Amy M. Samberg
5                                       Ian M. Fischer
                                        One Arizona Center
6                                       400 E. Van Buren, Suite 1900
                                        Phoenix, Arizona  85004-2202
7                                       Attorneys for St. Paul Guardian
                                        Insurance Company and The Travelers
8                                       Indemnity Company

9

    18136006.2
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202