WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| St. Paul Guardian Insurance Company, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Town of Colorado City, et al.,<br><br>　　　　　　　　Defendants. | No. CV-13-08297-PCT-JAT<br><br>**ORDER** |

　　　　Pending before the Court are two motions filed by St. Paul Guardian Insurance Company and The Travelers Indemnity Company (collectively, the "Plaintiffs"): a Motion to Stay Further Proceedings, (Doc. 61), and a motion pursuant to Fed. R. Civ. P. 54(b) to enter final judgment on the Court's rulings in the July 13, 2015 Order. The Court now rules on the motions.

**I. Clarification of the Court's July 13, 2015 Order**

　　　　As an initial matter, the Court hereby clarifies its July 13, 2015, Order that granted in part, and denied in part, Plaintiffs' Motion for Summary Judgment. (Doc. 59). In the Order, the Court concluded—on the issue of whether Plaintiffs have a duty to defend Defendant Town of Colorado City (the "Town") in the underlying litigation—that although Plaintiffs established as a matter of law that coverage for the Town did not exist under a number of insurance policies, "coverage potentially exist[ed] under [certain] 2009-11 Policies for at least one claim in the Underlying Lawsuit," (Doc. 59 at 17). Therefore "Plaintiffs have a duty to defend the entire Underlying Lawsuit until its completion." (*Id.* (citing *Lennar Corp. v. Auto-Owners Ins. Co.*, 151 P.3d 538, 544 (Ariz.

1 Ct. App. 2007)).

2 Having reviewed the parties' filings, it is apparent that both parties understood the Court's July 13, 2015, Order to have granted summary judgment in favor of the Town on the issue of whether Plaintiffs have a duty to defend the Town throughout the entirety of the underlying litigation. To clarify, the Court did not grant summary judgment in favor of the Town. The Court concluded that based on Plaintiffs' Fed R. Civ. P. 56 motion, Plaintiffs failed to establish as a matter of law that no insurance policy provided coverage for the Town triggering the duty to defend, and therefore "the Court must deny summary judgment on this issue." (Doc. 59 at 8).

Specifically, with respect to Plaintiffs' duty to defend the Town against the First Cause of Action in the underlying litigation, the Court concluded that Plaintiffs failed to carry their burden under Rule 56 to establish that the Umbrella Excess Liability Protection (UEL) policy and the Excess Errors and Omissions Liability Protection (EE&O) policy provided no coverage for the Town. The Court found that it could not determine whether Plaintiffs had a duty to defend under the UEL policy "on the present record," and "express[ed] no opinion as to whether there is potential . . . coverage for the First Cause of Action." (Doc. 59 at 8). In regards to the potential coverage that may exist under the EE&O policy, the Court could "not declare that there is no coverage when it is uncertain whether such coverage . . . exists." (*Id.* at 9).

With respect to Plaintiffs' duty to defend the Town against the Second Cause of Action in the underlying litigation, the Court concluded that Plaintiffs were not entitled to judgment as a matter of law because coverage may exist under the EE&O, UEL, and Law Enforcement Liability (LEL) insurance policies. (Doc. 59 at 12, 16-17). Specifically, after analyzing Plaintiffs' LEL policy argument, the Court found that "the Town has presented actual evidence that its law enforcement officers have discriminated in matters relating to housing and property," and thus "the Second Cause of Action potentially implicates the LEL coverage," which precluded Plaintiffs from being "entitled to judgment as a matter of law that there is no coverage under the LEL" policy. (*Id.* at

12,13). The Court further found that Plaintiffs "failed to show their entitlement to judgment . . . as a matter of law" on the EE&O policy because they failed to show that coverage for the Second Cause of Action did not exist under the "Employee Benefit Plans Administration Liability Claims-Made" coverage which is the underlying insurance for the EE&O policy. (*Id.* at 16). Finally, the Court found that the UEL policy "follow[ed] the LEL in providing coverage for law enforcement activities or operations," and thus Plaintiffs were not entitled to judgment as a matter of law on the UEL policy because "the Second Cause of Action potentially implicate[d] . . . the UEL." (*Id.* at 17).

Based on these findings, the Court concluded that Plaintiffs failed to establish—as a matter of law—that all applicable insurance policies did not provide coverage for the Town against both causes of action in the underlying litigation. (Doc. 59 at 17). In other words, coverage "potentially exist[ed] under the 2009-11 Policies for at least one claim." (*Id.*). Thus, under Arizona law, "the insurer has a duty to defend the entire suit, because it is impossible to determine the basis upon which the plaintiff will recover . . . ." *Nat'l Fire. Ins. Co. v. Lewis*, 898 F. Supp. 2d 1132, 1154 (D. Ariz. 2012) (citation omitted). But the Court did not enter judgment as a matter of law in favor of the Town on the duty to defend issue. Plaintiffs failed to carry their burden under Rule 56, and therefore the parties must proceed to trial on the issue of whether coverage exists under the UEL, EE&O, or LEL insurance policies, which would establish as a matter of law or fact whether the duty to defend continues beyond the conclusion of this declaratory judgment action. In the interim, Plaintiffs have a duty to defend the Town in the underlying lawsuit unless and until this Court ultimately enters judgment in their favor. In accordance with this ruling, on August 6, 2015, the Court set a Final Pretrial Conference for December 2, 2015.[1]

Having clarified the July 13, 2015, Order, the Court now addresses the instant motions.

---

[1] Accordingly, Doc. 59 at 17, lines 13 – 15 is amended consistent with this clarification.

## II. Plaintiffs' Motion to Stay

Plaintiffs propose that further proceedings in the matter be stayed pending resolution of the underlying litigation, No. CV12-08123-PCT-HRH, which is set for trial on January 19, 2016. (Doc. 61 at 3). In light of the Court's clarification of the July 13, 2015, Order, discussed *supra*, the Court declines to rule on Plaintiffs' motion at this time. The Court hereby orders the parties to file supplemental briefs addressing the following issues: (1) whether each party is ready to proceed to trial immediately on the issue of coverage under the EE&O, UEL, or LEL policies;[2] and (2) the appropriateness of an order from this Court staying further proceedings in the matter with respect to either the duty to defend issue or the duty to indemnify issue. The parties' supplemental briefs are to be filed with the Court by Tuesday, October 13, 2015 at 9:00 a.m.

## III. Rule 54(b) Certification

The Court now turns to Plaintiffs' motion for entry of final judgment pursuant to Fed. R. Civ. P. 54 (b). As a threshold matter, a "final judgment" must have been entered, *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980), one that is an "ultimate disposition of an individual claim" for certification to be appropriate. *Id.* (citation omitted). As discussed *supra*, the July 13, 2015, Order did not grant summary judgment in favor of the Town on the issue of whether Plaintiffs have a duty to defend the Town throughout the underlying litigation. Thus, no final judgment has been issued by this Court. *See Az. State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1039, 1039-40 (9th Cir. 1991). Accordingly, the Court will deny Plaintiffs' motion to enter final judgment without prejudice.

---

[2] If either party deems itself ready to proceed to trial on the duty to defend issue and advocates moving forward immediately, that party may also wish to include in its supplemental brief its arguments on whether the Court should bifurcate the duty to defend issue and the duty to indemnify issue for separate trials.

- 4 -

## IV. Defendant's Request for Attorneys' Fees

In its response to Plaintiffs' motions, the Town argues that in light of this Court's July 13, 2015, Order, it is the prevailing party, and requests that the Court award reasonable attorney's fees pursuant to Ariz. Rev. Stat. Ann. § 12-3401 (A) (2012) (establishing that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees"). Given that no final judgment has been entered and the litigation is ongoing, there is no prevailing party, and any award of attorney's fees is premature. The Court therefore denies the Town's request for attorney's fees without prejudice. Future requests may be filed in accordance with both Fed. R. Civ. P. 54(d)(2) and LRCiv. 54.2.

## V. Conclusion

For the aforementioned reasons,

**IT IS ORDERED** that the parties shall file supplemental briefs with the Court, by October 13, 2015, at 9:00 a.m., addressing proceeding to trial on the issue of coverage. The parties shall also address the appropriateness of an Order staying further proceedings in the matter, addressing both the issue of Plaintiffs' duty to defend the Town in the underlying litigation and Plaintiffs' duty to indemnify the Town.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to enter final judgment pursuant to Fed. R. Civ. P. 54(b) (Doc. 62) is DENIED, without prejudice.

**IT IS FURTHER ORDERED** that the Town's request for attorney's fees (Doc. 63 at 7) is DENIED, without prejudice.

Dated this 5th day of October, 2015.

James A. Teilborg
Senior United States District Judge