WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| St. Paul Guardian Insurance Company, et al., | No. CV-13-08297-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Town of Colorado City, et al., | |
| Defendants. | |

On May 17, 2016, the Court closed this case in light of a stipulation between the parties acknowledging that all outstanding issues had been resolved by settlement in a separate action, *United States v. Town of Colorado City et al*, No. CV12-08123-PCT-HRH. (Doc. 81). On May 27, 2016, Defendant Town of Colorado City ("Colorado City") filed the pending motion seeking "an award of . . . reasonable attorney's fees incurred in defending this declaratory judgment action" pursuant to Local Rule of Civil Procedure 54.2. (Doc. 82). Having considered the parties' filings, the Court now rules on the motion.

**I.**

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(a). There is no dispute that this action arises out of a contract. The Court must first determine whether Colorado City is the "successful party" within the meaning

of A.R.S. § 12-341.01(a). If an affirmative finding is made, the Court must then decide whether awarding fees is appropriate. Finally, the Court must determine if the amount of fees Colorado City seeks is reasonable.

**A.     Successful Party Status**

The Court has "substantial discretion" in determining who is a successful party. *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1096 (Ariz. Ct. App. 2007) (quoting *Pioneer Roofing Co. v. Mardian Constr. Co.*, 733 P.2d 652, 664 (Ariz. Ct. App. 1986)); *Sanborn v. Brooker & Wake Prop. Mgmt.*, *Inc.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994). Indeed, the decision "is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it." *Maleki v. Desert Palms Prof'l Properties*, *L.L.C.*, 214 P.3d 415, 422 (Ariz. Ct. App. 2009) (quoting *Sanborn v. Brooker & Wake Prop. Mgmt.*, *Inc.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994)).

"[S]uccessful parties" are "not limited to those who have a favorable final judgment at the conclusion of the" action. *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1048 (Ariz. 1985) (en banc), superseded by statute on other grounds, Ariz. Rev. Stat. § 12-341.01. As such, "[a]n adjudication on the merits is not a prerequisite to recovering attorney's fees under [§ 12-341.01]." *Fulton Homes*, 155 P.3d at 1096.

Where, as here, the matter involves multiple claims and a degree of success, the Court "may apply a 'percentage of success' or a 'totality of the litigation' test." *Berry v. 352 E. Virginia*, *L.L.C.*, 261 P.3d 784, 788-89 (Ariz. Ct. App. 2011) (quoting *Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 25 (Ariz. Ct. App. 1990)); *Nataros v. Fine Arts Gallery of Scottsdale*, 612 P.2d 500, 505 (Ariz. App. 1980). Under this analysis, there are no "strict factors" to consider. *Medical Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1240 (D. Ariz. 2014) (citing *Berry*, 261 P.3d at 788-89). Rather, the Court has discretion to review the entirety of the litigation. The Court will thus consider "'the totality of the circumstances and the relative success of the litigants' to determine whether there is a successful party." *Id.* at 1239 (quoting *McAlister v. Citibank*, 829 P.2d 1253, 1263 (Ariz.

Ct. App. 1992)).

This declaratory judgment action was initiated by Plaintiffs St. Paul Guardian Insurance Company ("St. Paul") and The Travelers Indemnity Company ("Travelers") on December 10, 2013. (Doc. 1). Plaintiffs sought a determination as to whether they had a duty to defend and indemnify their insured, Colorado City, in separate litigation, a suit brought by the United States Department of Justice ("DOJ") against Colorado City for violations of various federal statutes. (Doc. 59 at 1-2). Generally, the DOJ alleged that Colorado City—among others not a party to this action—had "engaged in a pattern or practice of illegal discrimination against individuals who are not members of the Fundamentalist Church of Jesus Christ of Latter-day Saints ("FLDS")." (*Id.*).

Specifically, the DOJ brought three causes of action against Colorado City. The first cause of action was for engaging in a pattern or practice of conduct that deprived persons of rights, privileges, or immunities secured or protected by the United States Constitution in violation of Title 42 U.S.C. § 14141 (2012) (the "First Cause of Action"). (Doc. 59 at 2). The second cause of action was for discriminating on the basis of religion in the availability and rental of housing and for interfering with the exercise of statutorily granted rights in violation of the Fair Housing Act (the "Second Cause of Action"). (*Id.*). The third cause of action was for violating the Civil Rights Act by depriving individuals "of equal utilization of a public facility" (the "Third Cause of Action"). (*Id.*). By the time dispositive motions were filed in the instant matter, the third cause of action had been dismissed, leaving only the first and second causes of action in the underlying litigation. (*Id.*).

On January 23, 2015, Plaintiffs filed a Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment. (Doc. 44). The Court was tasked with interpreting three insurance policies covering the years 2009—2011 and 2013—2014 to determine whether the agreements established as a matter of law that Plaintiffs had no duty to defend and indemnify Colorado City. (Doc. 59 at 2-3). On July 13, 2015, the Court issued an Order granting in part, and denying in part Plaintiff's motion. (*Id.* at 19).

Interpreting these insurance policies, the Court found that with respect to the First Cause of Action, Plaintiffs had established as a matter of law that under the 2009—2011 insurance policies, there was no coverage through the (1) Public Entity General Liability, (2) the Law Enforcement Liability Protection, and (3) the Public Entity Management Liability Protection provisions. (Doc. 59 at 18). Considering the Second Cause of Action, there was no coverage through the (1) Public Entity General Liability Protection and (2) Public Entity Management Liability Protection provisions. (*Id.*). But Plaintiffs failed to show as a matter of law that no coverage existed for the First Cause of Action and the Second Cause of Action through "the Umbrella Excess Liability Protection and Excess Errors and Omissions Liability Protection coverage parts" of the 2009-2011 insurance policies. Additionally, there was potential coverage for the Second Cause of Action through the Law Enforcement Liability Protection coverage portion of the 2009—2011 insurance policies.[1] (*Id.*). Thus, Plaintiffs had not established as a matter of law that they had no duty to defend Colorado City in the underlying litigation. Whether there was a duty to indemnify Colorado City depended "on the facts to be proved" in the underlying litigation. (*Id.* at 19).

On October 5, 2015, the Court reiterated that its prior Order "did not grant summary judgment in favor of" Colorado City on the issue of Plaintiffs' duty to defend in the underlying litigation, but found that Plaintiffs had "failed to establish—as a matter of law—that all applicable insurance policies did not provide coverage for [Colorado City] against both causes of action in the underlying litigation." (Doc. 68 at 2-3). Trial was necessary to resolve the issue. Upon Plaintiffs' motion, (Doc. 61), the Court subsequently stayed these proceedings pending the return of a verdict in the underlying litigation. (Doc. 71 at 2). On April 13, 2016, the Court lifted the stay, (Doc. 77), and on April 28, 2016, the parties notified the Court that the substantive issues before it—Plaintiffs' duty

---

[1] The Court also found that the 2013—2014 insurance policy provided no coverage for either the First Cause of Action or the Second Cause of Action. (Doc. 59 at 19). Thus, Plaintiffs had no duty to defend or indemnify Colorado City under the 2013—2014 insurance policy for the claims alleged in the underlying litigation. (*Id.*).

- 4 -

to defend and indemnify Colorado City—had been resolved via settlement in the underlying litigation. (Doc. 78 at 1-2). On May 17, 2016, "[b]ased on stipulation of the parties," the Court dismissed with prejudice the issue of Plaintiffs' duty to indemnify, and found that the issue of the duty to defend Colorado City had been resolved by Plaintiffs' agreement to "defend . . . Colorado City in the underlying litigation . . . through any necessary post-trial proceedings (including the enforcement of any injunction)." (Doc. 81 at 1, *amended by* Doc. 85).

The Court acknowledges the difficulty in determining whether a successful party emerged in the instant action. The case was stayed following adjudication of Plaintiffs' dispositive motion, and a party's measure of success in this case is largely defined by the impact on the underlying litigation. The Court is also cognizant of other courts declining to award attorney's fees where each party experiences success to a varying degree. *See First Ascent Ventures Inc. v. DLC Dermacare LLC*, No. CV06-1794-PHX-JAT, 2007 U.S. Dist. LEXIS 47956, at *5 (D. Ariz. June 27, 2007) (citations omitted) (citing to Arizona case law declining to award attorney's fees where there is no clear victor). Nonetheless, having examined the totality of the litigation, the Court finds that Colorado City is the successful party, and eligible for reasonable attorney's fees under A.R.S. § 12-341.01(a).

Ultimately, the goal behind Plaintiffs' action was to absolve themselves of the duty to provide coverage for Colorado City. As the Complaint makes clear, this action was directly related to the June 21, 2012, action brought against Colorado City, i.e., the underlying litigation. (*See* Doc. 1 at 3-4, 20-22). A valid insurance policy imposes two distinct duties on the insurer: (1) the duty to defend the insured, and (2) the duty to indemnify the insured for any claims that fall within the scope of the policy's coverage. *Colo. Cas. Ins. Co. v. Safety Control Co.*, 288 P.3d 764, 796 (Ariz. Ct. App. 2012). Here, the Court never arrived at the issue of the duty of indemnification, as the settlement resolving the underlying litigation rendered it moot. (*See* Doc. 78 at 1-2). The issue was thus dismissed by party stipulation, (*see* Doc. 81 at 1, *amended by* Doc. 85), and its

1 adjudication does nothing to illuminate who the successful party is. Success in this matter
2 turns on the duty to defend.

3 The duty to defend "arises at the earliest stage of litigation and generally exists
4 regardless of whether the insured is ultimately found liable." *Regal Homes*, *Inc. v. CNA*
5 *Ins.*, 171 P.3d 610, 615 (Ariz. Ct. App. 2007). A favorable resolution on the issue in *this*
6 matter was critical to Plaintiffs' involvement in the underlying litigation. As noted *supra*,
7 Plaintiffs filed a Motion for Summary Judgment or, in the Alternative, for Partial
8 Summary Judgment, on January 23, 2015. (Doc. 44). The Court granted in part and
9 denied in part Plaintiffs' motion, and a successful summary judgment motion is a piece in
10 the totality of the litigation that may be considered by the Court. *Wagenseller*, 710 P.2d at
11 1047-48. Since Plaintiffs were successful in establishing that no coverage was provided
12 by the 2013—2014 insurance policy, and that no coverage existed under several
13 provisions in the 2009—2011 policies, they argue there was no clearly successful party.

14 Plaintiffs are correct in that the Court found as a matter of law that coverage for
15 Colorado City did not exist under several insurance policy provisions and an entire
16 policy. (Doc. 59 at 18). But the Court also found that Plaintiffs had failed to establish as a
17 matter of law that no coverage existed under the "Umbrella Excess Liability Protection
18 and Excess Errors and Omissions Liability Protection coverage parts of the 2009-11
19 Policies" for *both* the First Cause of Action and the Second Cause of Action in the
20 underlying litigation. The Court also found that there was potential coverage for the
21 Second Cause of Action under a separate provision in the 2009—2011 insurance policies.
22 (*Id.*). It followed that Plaintiffs were not entitled to summary judgment on the issue of the
23 duty to defend, and Colorado City had successfully opposed the motion.

24 Although Plaintiffs were successful to a degree, the fact that Colorado City did
25 "not recover the full measure of relief it requested does not mean that it is not the
26 successful party." *Sanborn v. Brooker & Wake Prop. Mgmt.*, 874 P.2d 982, 987 (Ariz. Ct.
27 App. 1994) (citing *Ocean West Contractors*, *Inc. v. Halec Constr. Co*., 600 P.2d 1102,
28 1105 (Ariz. 1979)). This Court's Order granting Plaintiffs' dispositive motion in part

effectively resulted in the continuation of Plaintiffs defending Colorado City from the entirety of the underlying litigation until trial in this declaratory judgment action could resolve the disputed issues of material fact. *Lennar Corp. v. Auto-Owners Ins. Co.*, 151 P.3d 538, 544 (Ariz. Ct. App. 2007) (quoting *W. Cas. & Sur. Co. v. Int'l Spas of Ariz., Inc.*, 634 P.2d 3, 6 (Ariz. Ct. App. 1981)) ("[I]f any claim alleged in the complaint is within the policy's coverage, the insurer has a duty to defend the entire suit, because it is impossible to determine the basis upon which the plaintiff will recover (if any) until the action is completed."). This was a successful outcome for Colorado City, and had a significant impact on Plaintiffs' continued presence in the underlying litigation. That the issue of Plaintiffs' duty to defend was never adjudicated with finality is inconsequential. *Fulton Homes*, 155 P.3d at 1096.

In sum, Colorado City successfully resisted Plaintiffs' efforts to extricate themselves from providing coverage for Colorado City through settlement of the underlying litigation. Colorado City's opposition to Plaintiffs' dispositive motion in the instant declaratory judgment action was successful, and had a substantial impact on the underlying litigation, to Colorado City's benefit. Having examined the totality of the litigation, the Court finds that Colorado City is the clearly successful party, and eligible for reasonable attorney's fees.

**B.     Appropriateness of Attorney Fee Award**

The Court must now determine if awarding fees under A.R.S. § 12-341.01(a) to Colorado City is appropriate. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985) (noting that trial court has discretion when determining whether to award attorney's fees). The court in *Warner* provided six factors that courts should consider when determining whether an award is appropriate. *Id.* at 1184. These factors include: (1) considering the merits of the unsuccessful party's claim or defense; (2) considering whether the case could have been settled and whether the unsuccessful party's efforts were superfluous in that effort; (3) considering whether assessing fees

against the unsuccessful party would create extreme hardship; (4) considering whether the successful party obtained all the relief sought; (5) considering the novelty of the legal question presented and whether the claim or defense has previously been adjudicated; and (6) considering whether the award of attorney's fees in this case would discourage other parties with valid claims or defenses from litigating legitimate contract issues because those parties would be afraid of incurring liability for a large amount of attorney's fees. *Id.* No single factor is determinative, and the Court must weigh all factors when determining whether to award attorney's fees. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

When weighing the above factors, the party requesting fees has the burden of proving entitlement. *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1991). However, "the party asserting financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship." *Id.* In order for the Court to consider hardship when determining whether to award fees, the party opposing fees must present specific evidence of hardship by affidavit or testimony. *Id.*

First, Colorado City concedes that Plaintiffs' claims were filed in good faith. And Plaintiffs prevailed to an extent in their dispositive motion, as the Court found that as a matter of law coverage did not exist under several insurance provisions and one entire policy. Therefore, because Plaintiffs prevailed—at least in part—on their claim, the claim had merit, and this factor favors not awarding attorney's fees.

Second, the Court must consider "whether the case could have been settled and whether the unsuccessful party's efforts were superfluous in that effort." Neither party made any effort to settle the instant declaratory judgment action. Even considering Plaintiffs' involvement in settling the underlying litigation, the Court does not find the instant action to be "superfluous in that effort." Plaintiffs were obligated to continue defending Colorado City in the underlying action, and contributed to its settlement after determining that it was economically prudent under the circumstances. The instant declaratory judgment action sought to achieve a determination that Plaintiffs had *no* duty

to defend *or* indemnify Colorado City. As neither party attempted to settle the matter, and this action was not superfluous to efforts to settle the underlying litigation, the Court finds that this factor weighs neither in favor of nor against awarding Colorado City attorney's fees.

Third, Plaintiffs do not contend that the award of attorney's fees would cause extreme hardship. This factor weighs in favor of awarding attorney's fees.

Fourth, Colorado City was not successful in obtaining all of the relief sought. The Court's Order granting in part Plaintiffs' dispositive motion found that disputed issues of material fact existed with respect to certain insurance provisions. Plaintiffs' duty to defend was never fully adjudicated, and this action never reached the issue of the duty to indemnify. Thus, this factor weighs against awarding attorney's fees.

Fifth, the claim in this action is based on interpretation of insurance policy provisions, and is an issue that is routinely litigated. Therefore, the issues presented before the Court in this case are not novel and have been previously litigated. As a result, this factor weighs in favor of awarding attorney's fees.

Finally, neither party has submitted evidence to show that an award of fees in this case would discourage parties with tenable claims from litigation for fear of incurring liability for substantial amounts of attorney's fees. This factor weighs in favor of awarding fees.

Given the forgoing, the Court finds that the factors-based analysis tips slightly in favor of awarding Colorado City attorney's fees. Therefore, an award of fees is appropriate in this case.

### C.     Reasonableness of Attorney's Fees

The final step in the attorney's fees analysis is to determine whether the fees sought by Colorado City are reasonable. *See Schweiger v. China Doll Rest.*, *Inc*., 673 P.2d 927, 931 (Ariz. Ct. App. 1983). As noted *supra*, the court may award the successful party in a contract action reasonable attorney's fees. A.R.S. § 12-341.01(a). Generally,

once a party submits an itemized list of fees with sufficient detail and establishes entitlement to fees, the burden then shifts to the party challenging the fees to show that the fees are unreasonable. *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007).

Outside of three specific exceptions, Plaintiffs do not object to the reasonableness of Colorado City's fee request. The Court, however, has its own "independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case." *Irwin v. Astrue*, 2012 U.S. Dist. LEXIS 28553, at *3 (D. Or. March 5, 2012) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)). Thus, even where the opposing party does not object to the amount of fees requested, the Court must independently review the moving party's petition for reasonableness and provide a "concise but clear explanation for its reasons of the fee award." *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The "case law construing what is a 'reasonable' fee applies uniformly" to all federal fee-shifting statutes. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). In determining a reasonable attorney's fee, the Court must begin with the "lodestar" figure which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. There is a "strong presumption" that the lodestar is the reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

When deciding the reasonable number of hours expended and the reasonableness of the hourly rate, a court may consider: "(1) the novelty and complexity of the issues[;] (2) the special skill and experience of counsel[;] (3) the quality of representation[;] and (4) the results obtained." *Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988), *vacated*, 490 U.S. 1087 (1989), *reinstated*, 886 F.2d 235 (9th Cir. 1989). Additionally, "[i]n determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Those hours

may be reduced by the Court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (internal citations omitted).

The Court begins with Plaintiffs' objection to the "number of hours reasonably expended" by Colorado City in litigating this matter. Specifically, Plaintiffs point to the following entries: (1) $6.5^2$ hours from February 6, 2014, expended on a possible third-party complaint against "Colorado City's other insurers"; (2) 6.0 hours expended on June 3, 2014, in relation to the "*Cooke* settlement"; and (3) a reduction from the $40,000 fee for opposing Plaintiffs' dispositive motion. (Doc. 83 at 7).

With respect to the February 6, 2014, entry, Plaintiffs assert that because these 6.5 hours were spent determining "whether to file [an] answer and or [a] third party complaint" against parties not involved in the instant action, they are unnecessary and should be excluded. (Doc. 83 at 7). Colorado City simply contends that it should be "no surprise" that it would "give serious thought to naming other insurers in a third-party complaint" under the circumstances. (Doc. 86 at 5). Absent further rationale supporting the expenditure in the itemized list of fees, the accompanying affidavit, or Colorado City's briefing, the Court finds that the entry associated with consideration of filing a third-party action is unnecessary to the defense of Plaintiffs' declaratory judgment action. The Court fails to see how contemplating litigation against other parties was necessary to establishing that insurance policies for the years 2009—20011 and 2013—2014 provided coverage in the underlying litigation. Accordingly, the 6.5 hours billed on this issue at $325.00 per hour will be deducted from the fee application. In total, this amounts to a

---

[2] Plaintiffs seek to have the entirety of the 6.7 hours billed culled as "unnecessary." But examination of Colorado City's itemized list of fees showed that only 6.5 hours were dedicated to determining whether to file against third-party insurers. (Doc. 82-1 at 21). Accordingly, the Court will determine whether the 6.5 hours billed on this issue was reasonable and necessary.

deduction of $2,112.50.

Plaintiffs next argue that the 6.0 hours logged on June 3, 2014, were unnecessary, as they relate to settlement talks for the underlying litigation. (Doc. 83 at 7). Colorado City counters that the at-issue settlement mediation actually lasted twelve hours, and that it submitted only six hours spent with the DOJ for purposes of its fee application. (Doc. 86 at 5). Colorado City's itemized fee listing simply bills 6.0 hours and lists mediation of "State/Federal government" claims, in addition to "finaliz[ing] [the] Cooke settlement." (Doc. 82-1 at 30). But the affidavit submitted in support of the fee application swears out that counsel "exercised judgment" and only sought "six hours of the twelve hours spent that day preparing for and attending mediation" as the June 3 mediation session "focused on the State of Arizona's claim as well as that of the U.S. DOJ." (*Id.* at 85).

At first glance, one might observe hours billed to resolve the underlying litigation and question their necessity to successfully resolving the instant declaratory judgment action. But Plaintiffs have chosen not to contest numerous other itemized fee entries plainly related to the underlying litigation. (*See* Doc. 82-1 at 72, 73, 75, 76, 77, 78). In light of Colorado City's itemized fee list and accompanying affidavit, and taking into consideration Plaintiffs' decision not to challenge other similar billable hour entries, the Court finds that Colorado City has established an entitlement to a fee for these hours. Plaintiffs' cursory argument in opposition is insufficient to meet its burden to demonstrate that the objected to fees are unnecessary or unreasonable. *Nolan*, 167 P.3d at 1286.

Finally, Plaintiffs object to "roughly $40,000" billed to Colorado City for opposition to Plaintiffs' dispositive motion on coverage, arguing that it was billing for an "unsuccessful claim." (Doc. 83 at 7). Although Plaintiffs assert that Colorado City billed nearly $40,000, Plaintiffs ask the Court to reduce the award by "approximately $20,000," and do not articulate how they arrived at the reduction figure. (*Id.*). At the outset, the Court notes that Colorado City was successful in resisting Plaintiffs' dispositive motion. And given that the principal issue was Plaintiffs' duty to defend, Colorado City needed

only to establish that a disputed issue of material fact existed under one provision in a single insurance policy. *See Lennar Corp.*, 151 P.3d at 544 (citation omitted).

But even assuming that Colorado City "was not successful" in arguing that several provisions of the applicable policies provided coverage, the Court finds that Colorado City is entitled to fees incurred for opposing Plaintiffs' dispositive motion. Arizona courts have recognized that where a party's claim for relief involves multiple, related legal theories, "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Schweiger*, 673 P.2d at 933 (quoting *Hensley*, 461 U.S. 424). In such a case, the party is entitled to fees even for time expended on claims that are unsuccessful. *Id.* Only where "claims could have been litigated separately" should fees "not be awarded for those unsuccessful separate and distinct claims which are unrelated to the claim upon which the party prevailed."[3] *Id.* Here, even characterizing Colorado City's arguments in opposition as "claims" and assuming that Colorado City was unsuccessful in opposing Plaintiffs' motion to a degree, the "claims" brought in opposition are related to those "upon which [Colorado City] prevailed" and could not have been brought separately. Accordingly, Plaintiffs' argument that Colorado City's fee award should be reduced by "approximately $20,000" is unpersuasive.

Having addressed Plaintiffs' explicit objections, the Court must still provide a "concise but clear explanation" as to the reasonableness of the fees sought. The Court begins with the number of hours expended. *Cunningham*, 879 F.2d at 484 (citation omitted). Turning to the factors articulated in the Local Rules, the Court finds that this was a time and labor intensive declaratory judgment action that required Colorado City's counsel to argue that numerous contractual provisions across three separate insurance

---

[3] The Court recognizes that Colorado City did not bring "claims" in this declaratory judgment action, but rather proffered particular insurance provisions in an effort to resist Plaintiffs' claims that it had no duty to cover Colorado City in the underlying litigation. The Court nonetheless finds that the principle articulated in *Schweiger* is an appropriate parallel to the circumstances in this case.

agreements provided coverage for claims brought by the DOJ in the underlying litigation. Although this was not a novel issue, it required interpretation of several contracts, involved a potentially large sum of money in the form of litigation fees in the underlying litigation, and required an able, experienced counsel to resist Plaintiffs' claims.[4] LRCiv. 54(c)(2). Ultimately, in analyzing the reasonableness of the number of hours billed, the Court looks to those hours which would be expended by a "reasonable and prudent lawyer." *Schweiger*, 673 P.2d at 932. Colorado City provided the Court with the time records of attorney services rendered, and in light of the aforementioned reasoning and the absence of objection from Plaintiffs, the Court finds that the number of hours billed—outside of the minor reduction discussed *supra*—was both "reasonable and prudent." (*Id.*).

Progressing in the analysis, the Court turns to the hourly rate charged by counsel, which was $325 per hour for attorney work and $150 per hour for paralegal work in defending against Plaintiffs' claims.[5] (Doc. 82-1 at 14-80). In determining a reasonable hourly rate, "the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Schweiger*, 673 P.2d at 931-32. The Court has examined the hourly rates charged, and although Colorado City was willing to pay the specified rates, this is not dispositive of the reasonableness issue.

Having reviewed the record, it is evident that Colorado City's counsel is an experienced attorney, having amassed three decades of practice with a specialty in commercial insurance disputes. This declaratory judgment action required the

---

[4] There is significant overlap between the factors articulated in this District's Local Rules and those in *Cabrales*, 864 F.2d at 1464. Considering either set of factors, the Court finds that the hours expended by Colorado City's counsel were in line with those of a "reasonable and prudent lawyer." *Schweiger*, 673 P.2d at 932.

[5] Counsel's affidavit further states that Daniel W. McCarthy, a senior associate, "assisted on very limited tasks relative to this matter." (Doc. 82-1 at 83). The Court finds that his efforts were insufficiently substantial to require specific delineation of his contributions and the rate at which his work was billed at.

1 | expenditure of a reasonably substantial amount of time and resources. Plaintiff has not
2 | objected to the hourly rate charged. *See Schweiger*, 673 P.2d at 932 (noting that "upon the
3 | presentation of an opposing affidavit setting forth reasons why the hourly billing rate is
4 | unreasonable, the court may utilize a lesser rate"). Colorado City agreed to the rate
5 | charged. Colorado City's counsel has supported the rate charged and the range of
6 | reasonable fees by affidavit. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896
7 | F.2d 403, 407 (9th Cir. 1990) (noting that the Ninth Circuit approves consideration of
8 | "[a]ffidavits of the [moving party's] attorneys and other attorneys regarding fees in the
9 | community"). Counsel has complied with Local Rule 54.2(d)(4)(B). And the Court is
10 | satisfied, based on the undersigned judge's experience both on and off the bench, that
11 | counsel's rate was reasonable. Absent any evidence to the contrary, the hourly rate
12 | charged in litigating this declaratory judgment action was reasonable.

The Court has determined that the hours expended on this matter and the hourly rate charged were both reasonable, *Hensley*, 461 U.S. at 433, outside of the explicitly reduced hours detailed above. Absent any evidence or argument to rebut the "strong presumption" that the requested fee is reasonable under the lodestar method, *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 565, Colorado City is hereby entitled to $97,695.25[6] in attorney's fees.

## II.

For the aforementioned reasons,

/
/
/
/
/

---

[6] Colorado City initially sought $99,807.75 in fees, which the Court reduced by $2,112.50.

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees, (Doc. 82), is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Colorado City is hereby awarded $97,695.25 in attorney's fees.

Dated this 8th day of August, 2016.

*James A. Teilborg*
Senior United States District Judge